AtkiNSON, J.,
delivered, the opinion of the court:
The plaintiff company, a corporation existing under the laws of the State of Minnesota, operates and has operated as lessee for more than twenty years the roadway of the St. Paul, Minneapolis and Manitoba Railway Company, which road was aided in its .construction by lands granted therefor by the United States to the State of Minnesota upon the conditions set forth in the granting acts of March 3, 1857, and March 3, 18G5 (11 Stat. L., 195, and 13 Stat. L., 526).
That part of the road so aided, extending from University Switch to the Minneapolis Union Depot, as set forth in the findings, is 3.163 miles. To shorten the route from said switch to said Union Depot the claimant company leased from the Minneapolis Union Railway Company its nonaided land-grant road between St. Paul and Minneapolis and that portion of said line from said switch to said Union Depot, a distance of 2.18 miles, over which shorter track the plaintiff company operated its passenger trains, transporting thereon its passengers and the United States mails.
For more than twenty years prior to the filing of the petition herein the plaintiff company, under contract with the United States through the Post-Office Department, carried the mails of the United States over its said leased lines of road, and settlements were made therefor quarterly with the Post-Office Department, in which settlements the Department treated the said line of road from University Switch to the Minneapolis Union Depot as a part of said land-grant road, and made the ordinary land-grant deductions for. carrying the mails over that portion of the road, Avhich amounted in the aggregate to $1,110.37, for the recovery of which the plaintiff instituted this suit.
The defendants concede that the plaintiff company has a “ just and meritorious claim for judgment ” for the sum stated, unless it has lost its right to recover therefor by reason of its own laches “ and by reason of its failure to assert its rights at the proper time and in the proper manner.”
*239 The basis of the defendant’s contention is set forth in the last finding, as follows:
“ Prior to the time of filing the present claim and instituting the present suit, and for upwards of twenty years prior thereto, the claimant company made quarterly settlements with the Post-Office Department and received pay for the services rendered by said road in connection with the transportation of the United States mails between the points involved, on the basis of land grant for the entire distance between such points of St. Paul and Minneapolis; and at the time of said settlements receipted in full to the United States therefor, and at no time up to the filing of this claim before this court ever formally demanded of the Post-Office Department any additional compensation for said service.”
The contention of the defendants, that the plaintiff company is estopped by its conduct in accepting the sums proffered by the Government in payment of its claim for mail service without a protest, needs but little comment. “Estoppel in pais may be defined to be a right arising from acts, admissions, or conduct which have induced a change of position in accordance with the real or apparent intention of the party against Avhom they are alleged.” (Bigelow on Estoppel., 4th ed., 445; Henshaw v. Bissell, 18 Wall., 255; Brant v. Virginia Goal and Iron Company, 93 U. S., R., 326.)
It is needless to say that the record in this case contains nothing to show that the defendants were in any way misled to their injury by the conduct of the plaintiff. On the contrary, it appears that by the change in the route, so as to pass partly over the nonland-grant line, the Government paid less than it would have paid over the continuous land-grant road. Hence no change of position could possibly have been induced by the conduct of the plaintiff to the detriment of the defendants.
For these reasons the plaintiff is entitled to recover in the sum of $1,110.37, for which judgment is ordered to be entered.